**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| **ERIC WALDENMAIER, on behalf of himself and others similarly situated** | |
| *Plaintiff,* | Civil Action No.: ___3:23cv466___ |
| **v.** | **JURY TRIAL DEMANDED** |
| **PAYMERANG, LLC,** | |
| *Defendant.* | |

## COMPLAINT

Plaintiff Eric Waldenmaier brings this action on behalf of himself and others similarly situated, and states as follows:

### Introduction

1.      Plaintiff Eric Waldenmaier on behalf of himself and others similarly situated ("Plaintiff" or "Waldenmaier") brings this wage theft action under the Fair Labor Standards Act, 29 USC § 201 *et seq*. ("FLSA") and the Virginia Overtime Wage Act, Code of Va. § 40.1-29.2 ("VOWA") against Paymerang, LLC ("Defendant" or "Paymerang") for failing to pay overtime premiums earned by Plaintiff, and due under federal and state wage laws. Paymerang improperly "misclassified" Waldenmaier and others as "exempt" from overtime under the "outside sales" exemption set forth in 29 USC § 213(a)(1). Based on the duties performed by Waldenmaier and similarly situated sales employees, Paymerang is not entitled to any overtime exemption under the FLSA or VOWA.

2.      Plaintiff brings this as a collective action on behalf of himself and others similarly situated (the putative "Collective") for unpaid overtime in violation of both the FLSA and

VOWA.

## Jurisdiction and Venue

3.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 to hear this Complaint and to adjudicate these claims because this action is brought under the FLSA.

4.      In addition, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's supplemental state law claims, which are brought pursuant to the laws of the Commonwealth of Virginia, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

5.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391 and Local Rule 3(B)(4) since the acts and omissions giving rise to this lawsuit have taken place in the Eastern District of Virginia.

6.      Defendant is subject to personal jurisdiction in the Commonwealth of Virginia.

## Parties

7.      Plaintiff Eric Waldenmaier ("Waldenmaier") is a resident of Virginia who was employed by Paymerang, LLC with the title of Vice President of Business Development during the relevant time period. Waldenmaier's primary duties involved the sales of Paymerang's automation solutions to hospitals. Waldenmaier seeks to represent individuals who are similarly situated to him as permitted by the FLSA and VOWA.

8.      Paymerang, LLC ("Paymerang") is a Virginia limited liability company, with its primary place of business in Richmond, Virginia. According to its website, "Paymerang provides a streamlined Invoice and Payment Automation platform." It states that its service of "Accounts Payable automation uses electronic workflows and artificial intelligence to eliminate manual processes, streamlining the accounting process from start to finish." (source:

https://www.paymerang.com/faqs/) (last visited July 20, 2023). Paymerang sells its services to businesses by employing approximately 10-20 salespersons, such as Plaintiff, whose primary duty is soliciting and selling Paymerang's products or services to businesses in numerous industries including but not limited to healthcare (hospitals or physicians offices), education, hospitality, mortgage, manufacturing, and banking. *Id*.

**Factual Allegations**

9.      Waldenmaier was initially hired by Paymerang in 2013 and left in 2015. Paymerang rehired Waldenmaier in 2017, and his employment ended on June 6, 2023.

10.     Waldenmaier's primary duties at all times was the "inside sales" of Paymerang's products to customers in the healthcare industry including hospitals and health systems.

11.     Waldenmaier, and all similarly situated sales persons, were "inside sales" employees meaning that they primarily worked from a single office or home location as opposed to "outside sales" employees who primarily travel about in the field over a geographic territory.

12.     To be clear, Waldenmaier and other Paymerang salespeople were assigned a geographic territory, however their primary duty involved working from Paymerang's office (or from a home office) to conduct their sales, through telephone or video conference calls and emails, conducted from such office.

13.     Defendant did not pay overtime compensation to its salespeople.

14.     Upon information and belief, Paymerang misclassifies its sales force as exempt from the FLSA's and VOWA's overtime requirements pursuant to the "outside sales" exemption. *See* 29 U.S.C. § 213(a).

15.     Under Virginia law between July 1, 2021 (the date VOWA first was enacted) and June 30, 2022 (the date VOWA was amended), the "outside sales" exemption was incorporated

within VOWA's definition of "Employee". *See* Va. Code § 40.1-29.2 (enacted on July 1, 2021, prior to the July 1, 2022 amendment), attached hereto as **Exhibit 1**.

16.     Effective July 1, 2022, the "outside sales" exemption was incorporated along with "all applicable exemptions" under the FLSA. *See* Va. Code § 40.1-29.2 (amended effective July 1, 2022), attached hereto as **Exhibit 2**.

17.     Waldenmaier and similarly situated sales employees did not primarily perform "outside sales" duties for Paymerang and are therefore entitled to an overtime premium for all weeks in which they worked over 40 hours.

18.     Paymerang scheduled its sales employees to work at least 45 hours per week.

19.     Waldenmaier and all similarly situated sales employees worked, at a minimum, their scheduled hours each week.

20.     Waldenmaier regularly worked at least 47-50 hours per week for Paymerang, and he is aware that similarly situated sales employees regularly worked 45-50 hours per week or more performing their "inside sales" jobs.

21.     Under Paymerang's official pay practice and policy, it did not pay any overtime premium to its sales employees for working more than 40 hours per week.

22.     In this regard, Paymerang treated Waldenmaier and all other sales employees the same: it required them to work more than 40 hours per week, and it did not compensate them for the overtime they worked.

23.     Plaintiff, and those similarly situated were paid varying salaries plus varying commissions. None of these individuals were paid overtime compensation, however.

24.     Plaintiff, and those similarly situated, were all subject to the same violative payroll practices and policies of Defendant.

25.     Defendant's failure to pay wages was a willful and/or knowing violation of the laws.

26.     Based on the inside sales duties performed by Waldenmaier and other similarly situated sales employees, Paymerang is not entitled to any overtime exemption under the FLSA or VOWA.

## Collective Action Allegations

27.     Plaintiff files this statutorily authorized collective action as a representative Plaintiff.  Plaintiffs consents to bring this collective action under VOWA and under the FLSA pursuant to 29 U.S.C. § 216(b), as evidenced by the "consent" form attached hereto as **Exhibit 3.**

28.     The putative Collective is defined as follows:

**any individual employed by Paymerang since July 21, 2020 whose primary duty was/is selling Defendant's products or services, who worked more than 40 hours during any week, and who was/is treated as exempt from overtime laws.**

29.     Defendant employs, and has employed, multiple persons in the same job functions and/or positions as Plaintiff occupied.

30.     These employees perform, and have performed, functions which entitle them to payment of overtime compensation wages that they have not received.

31.     In performing "inside sales" duties for Paymerang, Plaintiff's and similarly situated employees' primary job duties involved non-exempt work including: selling products and services to customers and prospective customers of Paymerang; and working primarily from a single work location at Paymerang's office or from a home office.

32.     Defendant compensated Plaintiff, and those similarly situated, on a uniform compensation basis common to Plaintiff and other persons performing similar job functions.

33.     Defendant treated Plaintiff and the other similarly situated individuals as exempt

from overtime laws.

34.     Defendant suffered and permitted Plaintiff and the other similarly situated individuals to work more than forty (40) hours per week without overtime pay.

35.     On information and belief, all of Defendant's operations are centrally managed as a single enterprise, and all or most of Defendant's employees performing functions similar to Plaintiffs are subject to common, uniform time-keeping and payroll practices.

36.     The collective or class of similarly situated employees is composed of all present and former employees of Defendant who performed the same or similar job functions as the Plaintiff and are or were subject to the same pay practices, and have been employed within three (3) years of the date of filing of this action.

37.     Defendant's knowing or willful disregard of the overtime laws entitles Plaintiff and similarly situated employees to the application of a three (3) year limitations period.

38.     Defendant's knowing violation of VOWA entitles Plaintiff and similarly situated employees to treble damages for the period of overtime worked between July 1, 2021 and June 30, 2022.

39.     On information and belief, Defendant's violation of the overtime laws is ongoing, and it continues to deny similarly situated individuals overtime compensation for overtime worked.

40.     Defendant had an obligation under the FLSA to maintain accurate records of time worked by employees.  Defendant failed to maintain accurate records of the time that its sales employees worked for defendant each day and each week.

41.     On information and belief, Defendant continues to fail to maintain accurate time records of any kind for its sales employees.

42.     Defendant showed a knowing, willful, or reckless disregard for FLSA and VOWA overtime requirements. Although Defendant had an obligation to make proper inquiry into its FLSA and VOWA compliance obligations, it failed to do so or, having inquired, it ignored or willfully attempted to avoid its legal obligations.

43.     Defendant has not acted in good faith with respect to its failure to pay overtime compensation.  Defendant had no legitimate reason to believe its actions and omissions were *not* violative of the FLSA and VOWA.

44.     Defendant is liable under the FLSA and VOWA for failing to properly compensate Plaintiff and the putative Collective. Accordingly, notice should be sent to the putative Collective.  There are numerous similarly situated current and former employees of Defendant who have suffered from Defendant's practice of denying overtime pay, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant and are readily identifiable through their records.

**COUNT I**
**Violation of Va. Code § 40.1-29.2 (Virginia Overtime Wage Act)**

45.     Since July 1, 2021, Defendant has been an "employer" within the meaning of VOWA.

46.     Since July 1, 2021, Waldenmaier and those similarly situated have met the definition of "employee" and were entitled to the protections of VOWA.

47.     VOWA requires employers to pay employees one and one-half times the employee's regular rate of pay for all hours worked over forty (40) hours per workweek. For the period of July 1, 2021 through June 30, 2022, the calculation of the "regular rate" was specified at Va. Code § 40.1-29.2(B). *See* Exhibit 1.  For the period of July 1, 2022 forward, the

calculation of the regular rate under VOWA is the same as that under the FLSA. *See* Exhibit 2.

48.    Defendant is not exempt from paying Plaintiff and the putative Collective overtime premiums in accordance with VOWA.

49.    Since July 1, 2021, Defendant has violated VOWA by failing to pay Plaintiff and those similarly situated an overtime premium for all hours worked beyond 40 hours per week.

50.    Defendant's actions, policies, and practices described above violate VOWA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the other similarly situated individuals their required overtime compensation.

51.    As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the other similarly situated individuals have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the other similarly situated individuals are entitled to damages under VOWA, including liquidated damages, triple damages, interest, and attorneys' fees and costs incurred in connection with this claim.

52.    Defendant knew that Plaintiff and the putative Collective were not paid overtime wages for all hours worked over 40 hours per week. Defendant "knowingly" failed to pay Plaintiff and the putative Collective all overtime wages due under VOWA within the meaning of Va. Code § 40.1-29(J).

**COUNT II**
**Violation of FLSA**

53.    The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

54.    Defendant suffered and permitted Plaintiff and the other similarly situated individuals to routinely work more than forty (40) hours in a workweek without overtime

compensation.

55.     Defendant's actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the other similarly situated individuals their required overtime compensation.

56.     As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the other similarly situated individuals have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the other similarly situated individuals are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

57.     By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the other similarly situated individuals, Defendant has failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq*.

58.     The foregoing conduct, as alleged, constitutes a "willful violation" of the FLSA within the meaning of 29 U.S.C. § 255(a).  Defendant knew or showed reckless disregard for the fact that their compensation practices were in violation of these laws.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of himself and the putative Collective, requests the following relief against Defendant:

A.     Designation of this action as a collective action on behalf of Plaintiff and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) and Va. Code § 40.1-29(J), to all those similarly situated, apprising them of the pendency of this action and permitting them to assert timely claims in this action by filing individual consent forms;

B.      A finding that Plaintiff and the putative Collective are non-exempt employees entitled to protection under the FLSA and VOWA;

C.      A finding that Defendant violated the overtime provisions of the FLSA and VOWA;

D.      Judgment against Defendant in the amount of all unpaid overtime damages due to Plaintiff and those similarly situated at the applicable overtime rates;

E.      An award of all damages, liquidated damages, triple damages, pre-judgment interest and post-judgment interest;

F.      An award of attorneys' fees and costs incurred in filing and prosecuting this action;

G.      An order awarding declaratory or prospective relief declaring Defendant's pay practices complained of herein as being in violation of the FLSA and VOWA, and prohibiting any further such violations;

H.      Leave to add additional plaintiffs and/or claims by motion, the filing of written consent forms, or any other method approved by the Court; and

I.      Such other relief in law or equity as the Court may deem appropriate and just. Plaintiff respectfully demands **TRIAL BY JURY**.

> Respectfully submitted,
> **Eric Waldenmaier, on behalf of himself and others similarly situated**
> Plaintiff
>
> By: _____/s/ Craig Juraj Curwood_____
> Craig Juraj Curwood (VSB No. 43975)
> Zev H. Antell (VSB No. 74634)
> Butler Curwood, PLC
> 140 Virginia Street, Suite 302
> Richmond, VA 23219
> Telephone: (804) 648-4848

Fax: (804) 237-0413
Email: craig@butlercurwood.com
      zev@butlercurwood.com

*Attorneys for Plaintiff*