# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

|  |  |
|---|---|
| ERIC WALDENMAIER, on behalf of Himself and other similarly situated <br><br> Plaintiff, <br><br> v. <br><br> PAYMERANG, LLC, <br><br> Defendant. | Case Number: 3:23-cv-466 |

## ANSWER TO AMENDED COMPLAINT

Defendant, Paymerang, LLC ("Defendant"), by counsel, states the following for their Answer to Plaintiff's Amended Complaint:

### Introduction

1. Paragraph 1 of the Amended Complaint is denied.

2. Paragraph 2 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the matter is denied.

### Jurisdiction and Venue

3. Paragraph 3 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the matter is denied.

4. Paragraph 4 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the matter is denied.

5. Paragraph 5 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the matter is denied.

6. Paragraph 6 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the matter is denied.

## Parties

7. Paragraph 7 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the matter is denied.

8. Paragraph 8 is admitted to the extent that Paymerang, LLC ("Paymerang") is a Virginia limited liability company, with its primary place of business in Richmond, Virginia. And that, "Paymerang provides a streamlined Invoice and Payment Automation platform" and provides service of "Accounts Payable automation use[ing] electronic workflows and artificial intelligence to eliminate manual processes, streamlining the accounting process from start to finish." (source: https://www.paymerang.com/faqs/) (last visited July 20, 2023). All matters not specifically admitted are denied.

## Factual Allegations

9. Paragraph 9 of the Amended Complaint is admitted to the extent that Waldenmaier was initially hired in 2013, that his employment was terminated in 2015, that he was rehired in 2017, and his employment was again terminated on June 6, 2023. All matters not specifically admitted are denied.

10. Paragraph 10 of the Amended Complaint is denied.

11. Paragraph 11 of the Amended Complaint is denied.

12. Paragraph 12 of the Amended Complaint is admitted to the extent that Waldenmaier was assigned a geographic territory. All matters not specifically admitted are denied.

13. Paragraph 13 of the Amended Complaint is denied.

14. Paragraph 14 of the Amended Complaint is denied.

15. Paragraph 15 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the matter is denied.

16. Paragraph 16 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the matter is denied.

17. Paragraph 17 of the Amended Complaint is denied.,

18. Paragraph 18 of the Amended Complaint is denied.

19. Paragraph 19 of the Amended Complaint is denied.

20. Paragraph 20 of the Amended Complaint is denied.

21. Paragraph 21 of the Amended Complaint is denied.

22. Paragraph 22 of the Amended Complaint is denied.

23. Paragraph 23 of the Amended Complaint is denied.

24. Paragraph 24 is admitted only to the extent that salespersons were paid varying salaries and commissions. All matters not specifically admitted are denied.

25. Paragraph 25 of the Amended Complaint is denied.

26. Paragraph 26 of the Amended Complaint is denied.

27. Paragraph 27 of the Amended Complaint is denied. Defendant also denies the allegations in footnote 1.

## Collective Action Allegations

28. Defendant re-incorporates its responses from paragraphs 1- 27 herein. Paragraph 28 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the matter is denied.

29. Paragraph 29 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the matter is denied.

30. Paragraph 30 of the Amended Complaint is admitted.

31. Paragraph 31 of the Amended Complaint is denied.

32. Paragraph 32 of the Amended Complaint is denied.

33. Paragraph 33 of the Amended Complaint is denied.

34. Paragraph 34 of the Amended Complaint is admitted only to the extent that Waldenmaier was treated as exempt from the overtime laws. All matters not specifically admitted are denied.

35. Paragraph 35 of the Amended Complaint is denied.

36. Paragraph 36 of the Amended Complaint is denied.

37. Paragraph 37 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the matter is denied.

38. Paragraph 38 of the Amended Complaint is denied.

39. Paragraph 39 of the Amended Complaint is denied.

40. Paragraph 40 of the Amended Complaint is denied.

41. Paragraph 41 of the Amended Complaint is denied.

42. Paragraph 42 of the Amended Complaint is denied.

43. Paragraph 43 of the Amended Complaint is denied.

44. Paragraph 44 of the Amended Complaint is denied.

45. Paragraph 45 of the Amended Complaint is denied.

**COUNT I**
**Violation of Va. Code 40.1-29.2 (Virginia Overtime Wage Act)**

46. Defendant re-incorporates its responses from paragraphs 1- 45 herein. Paragraph 46 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the matter is denied.

47. Paragraph 47 of the Amended Complaint is denied.

48. Paragraph 48 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the matter is denied.

49. Paragraph 49 of the Amended Complaint is denied.

50. Paragraph 50 of the Amended Complaint is denied.

51. Paragraph 51 of the Amended Complaint is denied.

52. Paragraph 52 of the Amended Complaint is denied.

53. Paragraph 53 of the Amended Complaint is denied.

## COUNT II
### Violation of FLSA

54. Defendant re-incorporates its responses from paragraphs 1- 53 herein. Paragraph 54 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the matter is denied.

55. Paragraph 55 of the Amended Complaint is denied.

56. Paragraph 56 of the Amended Complaint is denied.

57. Paragraph 57 of the Amended Complaint is denied.

58. Paragraph 58 of the Amended Complaint is denied.

59. Paragraph 59 of the Amended Complaint is denied.

## Defenses

1. Defendant denies all allegations not specifically admitted herein.

2. The Complaint fails to state a claim against Defendant upon which the relief requested may be granted.

3. Defendant denies that it is indebted to Plaintiff, and/or any alleged class member, in the amount claimed or in any amount for the reasons stated or for any reason.

4. Defendant denies that Plaintiff and/or any alleged class member was damaged in the amount and to the extent alleged.

5. Defendant denies that it violated FLSA and/or VOWA.

6. Defendant denies that it acted with reckless disregard with respect to the FLSA and VOWA Rules.

7. Defendant denies that it acted willfully with respect to violation of the FLSA and VOWA Rules.

8. Defendant avers that Plaintiff, and any similarly situated Plaintiffs, are exempt under FLSA and VOWA outside sales person exemption.

9. Defendant avers that Plaintiff, and any similarly situated Plaintiffs, are exempt under the highly compensated employee exemption of FLSA and/or VOWA.

10. Defendant avers that any alleged violation occurred solely because of Plaintiff's own negligence and underperformance while employed at Paymerang.

11. Defendant avers that due to the Covid-19 global pandemic, no one was having in-person meetings, and the lack of in person meetings is not evidence that Defendant violated the FLSA and/or VOWA.

12. Defendant avers that Plaintiff is not entitled to class certification.

13. Defendant avers there is not a proper collective class.

14. Defendant will rely on all other properly provable defenses to this action which are revealed through investigation, discovery or at trial and reserve the right to amend this Answer at any time.

For the reasons set forth above, Defendant, Paymerang, LLC, by counsel, respectfully requests judgment in its favor together with costs expended, and any other relief this Court deems proper and just.

TRIAL BY JURY IS DEMANDED.

Respectfully submitted,

**PAYMERANG, LLC**

*/s/ Eric P. Burns*
Eric P. Burns (VSB # 76554)
Hannah F. Supernor (VSB # 95020)
NOVA Business Law Group, LLP
4151 Chain Bridge Road
Fairfax, Virginia 22030
(703) 766-8081 (tel)
(703) 766-8085 (fax)
eburns@novablg.com
hsupernor@novablg.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of September 2023, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of Court for the Eastern District of Virginia, Richmond Division, using the Court's CM/ECF system, which thereby caused the above to be electronically served on all registered users of the Court's CM/ECF system who have filed notices of appearances in this matter.

*/s/ Eric P. Burns*
Eric P. Burns