UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **ERIC WALDENMAIER, on behalf of himself and others similarly situated**<br><br>*Plaintiff,*<br><br>v.<br><br>**PAYMERANG, LLC,**<br><br>*Defendant.* | **Civil Action No.: 3:23-cv-466-HEH** |

### OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS

Plaintiff, Eric Waldenmaier ("Plaintiff" and or "Waldenmaier") on behalf of himself and those similarly situated, by Counsel files this opposition in response the Defendant Paymerang, LLC's ("Paymerang")'s Partial Motion to Dismiss.

### INTRODUCTION

Plaintiff filed his complaint on July 21, 2023. ECF 1. Defendant filed its Motion to Dismiss on August 15, 2023. ECF 8. Plaintiff then filed an amended complaint on August 29, 2023. ECF 11. On September 12, 2023, Defendant, in response, filed a partial Motion to Dismiss on the grounds that Plaintiffs' amended complaint fails to allege sufficient facts to state a cause of action against the Defendant for willfulness. ECF 12.

### FACTUAL ALLEGATIONS

Plaintiff on behalf of himself and those similarly situated brought this wage theft action under the Fair Labor Standards Act, 29 USC § 201 *et seq*. ("FLSA") and the Virginia Overtime

1

Wage Act, Code of Va. § 40.1-29.2 ("VOWA") against Paymerang, LLC ("Defendant" or "Paymerang") for failing to pay overtime premiums earned by Plaintiff, and due under federal and state wage laws. Amended Compl. ¶ 46-59.  Paymerang improperly "misclassified" Waldenmaier and others as "exempt" from overtime under the "outside sales" exemption set forth in 29 USC § 213(a)(1). Amended Compl. ¶ 14.

Waldenmaier brings this as a collective action on behalf of himself and others similarly situated (the putative "Collective"). *Id*. ¶ 28-45. Waldenmaier, and all similarly situated sales persons, were "inside sales" employees meaning that they primarily worked from a single office or home location to conduct their sales, through telephone or video conference calls and emails as opposed to "outside sales" employees who primarily travel in the field over a geographic territory. *Id.* ¶ 11-12 Based on the duties performed by Waldenmaier and similarly situated sales employees, Paymerang is not entitled to any overtime exemption under the FLSA or VOWA and it had no legitimate reason to believe it's actions and omissions were not in violation of the FLSA and VOWA. *Id.* ¶ 1, 45. Paymerang acted with a knowing, willful, or reckless disregard for FLSA and VOWA overtime requirements.  Importantly, Paymerang expressly knew that its sales employees worked almost exclusively inside Paymerang or home offices and not at "outside" locations. *Id.* ¶ 18-19.  Although Defendant had an obligation to make proper inquiry into its FLSA and VOWA compliance obligations, it failed to do so or, having inquired, it ignored or willfully attempted to avoid its legal obligations. *Id.* ¶ 43.

## LEGAL STANDARD

The FLSA provides that an action "may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a *willful violation* may

be commenced within three years after the cause of action accrued;" 29 U.S. Code § 255(a) (emphasis added). In order for conduct to meet the standard for "willful", the Court must find "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1968). Furthermore, "[f]ederal regulations regarding the FLSA have defined 'reckless disregard' as 'failure to make adequate inquiry into whether conduct is in compliance with the [FLSA].'" *Scalia v. Mejia Corp.*, 2020 U.S. Dist. LEXIS 120130, *6 (E.D. Va. 2020) quoting *Ocean View Seafood*, 217 F. Supp. 3d at 879 (quoting 5 C.F.R. § 551.104) (alteration original). Additionally, "courts have imposed a burden on employers to reasonably determine their legal obligation." *Scalia v. Mejia Corp.*, 2020 U.S. Dist. LEXIS 120130, *12 (E.D. Va. 2020) citing *Abbey v. United Stalls*, 106 Fed. Cl. 254,265 (Fed. Cl. 2012).

The Defendant has filed a Motion to Dismiss based on Plaintiff's alleged failure to plead willfulness. The Fourth Circuit instructs, "[w]hen ruling on a motion to dismiss for failure to state a claim, courts accept a complaint's well-pled factual allegations as true and draw any reasonable inferences in favor of the plaintiff." *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012).

## ARGUMENT

### I. Defendants Conflate the Standard for a Motion to Dismiss with the Standard for a Motion for Summary Judgement, on that Basis Alone Defendant's Argument Fails

"A two-year statute of limitations applies to ordinary violations of the FLSA, but a three-year statute of limitations applies to willful violations. *See* 29 U.S.C. § 255(a); *Desmond v. PNGI Charles Town Gaming, L.L.C.,* 630 F.3d 351, 357 (4th Cir. 2011); *Hantz v. Prospect Mortg., LLC*, 11 F. Supp. 3d 612, 616 (E.D. Va. 2014).

Defendant conflates the Standard for a Motion to Dismiss with the Standard applicable for a Motion for Summary Judgement. "'Although [willfulness] is ultimately a question of fact, a plaintiff must present sufficient evidence of willfulness **to survive summary judgment**.' *Hantz v. Prospect Mortg.*, LLC, 11 F. Supp. 3d 612, 617 (E.D. Va. 2014). That said, 'a court may rule as a matter of law [an employer's] violations were willful.' *Perez v. Ocean View Seafood Rest., Inc.*, 217 F. Supp. 3d 868, 880 (D.S.C. 2016) (citing *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 966-67 (6th Cir. 1991))" *Scalia v. Mejia Corp.*, 2020 U.S. Dist. LEXIS 120130, *6 (E.D. Va 2020) (emphasis added).

The issue of Defendant's willfulness is generally a fact intensive question. In *Hardy v. Lewis Gale Medical Center LLC*, at the Motion to Dismiss stage, the Court ruled in favor of the Plaintiffs denying the Defendants' motion holding, "Plaintiffs may bear the burden to prove willfulness **but not at the motion to dismiss stage**."377 F. Supp. 3d 596, 618 (W.D. Va 2019) (emphasis added).

That Court relied upon a Maryland District Court opinion which held that Plaintiffs need not plead that violations were willful, as it is the Defendant's burden in raising its affirmative defense.

> As this Court has recently confirmed in *Rose v. Harloe Mgmt. Corp.*, No. GLR-16-761, 2017 U.S. Dist. LEXIS 6560, 2017 WL 193295, at *4 (D. Md. Jan. 17, 2017), "[b]ecause the question of whether [a defendant's] alleged [FLSA] violations were 'willful' is not an *element* of plaintiff[s'] claims' but rather an 'anticipat[ion of] a *limitations defense* that [the] defendant[ ] may raise,' [plaintiffs] do[ ] not need to allege specific facts that [the] defendant[ ] willfully violated the FLSA." (quoting *Ford v. Karpathoes, Inc.*, No. ELH-14-0824, 2014 U.S. Dist. LEXIS 162696, 2014 WL 6621997, at *9, (D. Md. Nov. 20, 2014) (emphasis added). This Court has repeatedly rejected Outside Unlimited's position at the motion to dismiss stage. *See Aguilar v. ALCOA Concrete & Masonry, Inc.*, No. TDC-15-0683, 2015 U.S. Dist. LEXIS 150098, 2015 WL 6756044, at *2 (D. Md. Nov. 4, 2015) (rejecting defendant's

4

>argument in its motion to dismiss that plaintiff did not adequately plead willfulness because willfulness is an affirmative defense); *Ford*, 2014 U.S. Dist. LEXIS 162696, 2014 WL 6621997, at *9 (D. Md. Nov. 20, 2014) (explaining that "plaintiffs do not need to allege specific facts supporting their allegation that defendants willfully violated the FLSA."). "Plaintiffs may bear the burden to prove willfulness, but [Rule 12(b)(6)] does not require that Plaintiffs prove their claims at this stage." *Alcorn v. George Mason Mortg., LLC*, No. RDB-15-2727, 2016 U.S. Dist. LEXIS 81762, 2016 WL 3440261, at *4 (D. Md. June 23, 2016).

*Aviles-Cervantes v. Outside Unlimited, Inc.*, 276 F. Supp. 3d 480, 491 (D. Md. 2017). Furthermore, the *Aviles-Cervantes* Court found that even if the Plaintiffs had been required to plead specific factual allegations showing "willfulness," they had adequately done so in pleading that the employer failed to pay the Plaintiffs in conformance with the requirements of the FLSA, and that the employer intentionally did not record all of the Plaintiffs' compensable hours worked despite being aware of state and federal wage requirements. 276 F. Supp. 3d 480, 491 (D. Md. 2017) Second Am. Compl., ¶ 37, 44, ECF No. 24.

      Defendant in supporting their position only cites *Hantz v. Prospect Mortgages LLC* and cases that *Hantz* relied upon, all of which were decided at the Summary Judgement stage or on appeal after trial had concluded, not the Motion to Dismiss stage. 11 F. Supp. 3d 612 (E.D. Va 2014). *See Martin v. Deiriggi,* 985 F.2d 129, 131 (4th Cir. 1992) (the Fourth Circuit affirming the District Court's finding that the business owners willfully violated the FLSA); *Herman v. Palo Group Foster Home, Inc*., 183 F.3d 468, 470 (6th Cir. 1999) (the Sixth Circuit affirming the District Court's judgement in favor of the Plaintiff since the evidence was sufficient to prove that defendants' employees performed work for which they were improperly compensated); *Cubias v. Casa Furniture & Bedding, LLC*, 2007 U.S. Dist. LEXIS 3380, *1 (granting the Plaintiffs' motion for partial summary judgment).

As recently as this year, this Court has held that whether a Defendant's alleged FLSA violations were willful is not an element of the plaintiff's claims but rather an anticipation of an affirmative defense that the Defendant may raise, accordingly, the Plaintiff need not identify specific allegations that the Defendant willfully violated the FLSA at the Rule 12(b)(6) Motion to Dismiss stage. *Collins v. Peopleshare, LLC*, 2023 U.S. Dist. LEXIS 152821, *1 (E.D. Va 2023). *See also Farias v. Strickland Waterproofing Co. Inc.*, No. 3:20cv76, 2021 U.S. Dist. LEXIS 104493, 2021 WL 2272487, at *3 (W.D. Va. June 3, 2021) ("While the Fourth Circuit has yet to rule on the issue, district courts within this circuit have repeatedly held that a plaintiff 'does not need to allege specific facts' to support an allegation 'that defendants willfully violated the FLSA' for the application of a three-year statute of limitations at the motion to dismiss phase." *Farias v. Strickland Waterproofing Co.*, 2021 U.S. Dist. LEXIS 104493, *6 (W.D. Va 2021) citing *Rose v. Harloe Mgmt. Corp.*, No. CV GLR-16-761, 2017 U.S. Dist. LEXIS 6560, 2017 WL 193295, at *4 (D. Md. 2017)).

Defendant attempts to place the burden on Plaintiff to allege in its pleadings that Defendant acted willfully, however, Plaintiff does not need to allege specific facts that Defendant willfully violated the FLSA at the Rule 12(b)(6) Motion to Dismiss stage, his allegation that Defendant willfully violated the FLSA is sufficient at this juncture[1]. *See Collins v. Peopleshare, LLC*, 2023 U.S. Dist. LEXIS 152821, *35 (E.D. Va 2023).

## II. Plaintiff Alleged Facts Sufficient to Show Defendants' Acts were Willful.

Plaintiff has alleged that Defendant's conduct was willful, which is all that is necessary at this juncture. *See Watson v. Va. Dep't of Agric. & Consumer Servs.*, 2020 U.S. Dist. LEXIS 261591, *6 (E.D. Va 2020).

---

[1] Nevertheless, as shown below, Plaintiff has made such factual allegations.

6

Plaintiffs plead that Waldenmaier regularly worked at least 47-50 hours per week for Paymerang, and he is aware that similarly situated sales employees regularly worked 45-50 hours per week or more performing their "inside sales" jobs either at their home office or at the Paymerang Office or a combination thereof. Amended Compl. ¶ 21. While they were required to work more than 40 hours per week, Paymerang did not compensate them for the overtime they worked. Amended Compl. ¶ 23 Furthermore, while Plaintiff, and those similarly situated were paid varying salaries plus varying commissions, none of these individuals were paid overtime compensation, however. *Id.* ¶ 24. Plaintiff alleges that Paymerang's official policy was to not pay its employees who worked overtime, even though it was aware that its sales employees were working in excess of forty hours each week. *Id.* ¶ 22. Plaintiff alleges that the Defendant's failure to pay was willful and or knowing. *Id.* ¶ 26. Plaintiff clearly alleges that Paymerang <u>knew</u> it misclassified "inside" salespeople as "outside" salespeople. Plaintiff alleges that Paymerang <u>knew</u> both the physical locations salespeople were working from and knew the hours they kept. *Id.* ¶ 18-19, 21-22.

Furthermore, Defendant's reference to the COVID-19 pandemic is extraneous; Plaintiff worked from his home office or the corporate office during the statute of limitations period. Regardless of global emergency, Plaintiff worked in excess of forty hours per week and he was not compensated for such time during which he performed "inside sales".

## **CONCLUSION**

Plaintiff plead sufficient facts to support his allegations that the Defendant acted willfully. The Defendant conflates the standard for Motion to Dismiss with the standard on a Motion for Summary Judgement, on that basis alone Defendant's argument must fail. Fourth Circuit district courts have established precedent which is clear -- Plaintiffs do not need to allege specific facts to

support an allegation that defendants willfully violated the FLSA for the application of a three-year statute of limitations at the Motion to Dismiss phase. Furthermore, the Court would be unable to resolve this question of willfulness at this stage because the facts have not yet been established. For these reasons, Plaintiff asks that this Court deny the Defendant's Motion to Dismiss.

                Respectfully submitted,
                **Eric Waldenmaier, on behalf of himself and others similarly situated**
                Plaintiff

                By: _*/s/ Samantha R. Galina*_
                      Craig Juraj Curwood (VSB No. 43975)
                      Zev H. Antell (VSB No. 74634)
                      Samantha R. Galina (VSB No. 96981)
                      Butler Curwood, PLC
                      140 Virginia Street, Suite 302
                      Richmond, VA 23219
                      Telephone: (804) 648-4848
                      Fax: (804) 237-0413
                      Email: craig@butlercurwood.com
                              zev@butlercurwood.com
                              samantha@butlercurwood.com

                      *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26<u>th</u> day of September 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a Notification of Filing (NEF) to the following:

Eric P. Burns, Esq.
Hannah F. Supernor, Esq.
NOVA Business Law Group, LLP
4151 Chain Bridge Road
Fairfax, VA 22030
eburns@novablg.com
hsupernor@novablg.com
*Counsel for Defendant*

By: _/s/ Samantha R. Galina_
Craig Juraj Curwood (VSB No. 43975)
Zev H. Antell (VSB No. 74634)
Samantha R. Galina (VSB No. 96981)
Butler Curwood, PLC
140 Virginia Street, Suite 302
Richmond, VA 23219
Telephone: (804) 648-4848
Fax: (804) 237-0413
Email: craig@butlercurwood.com
zev@butlercurwood.com
samantha@butlercurwood.com

*Attorneys for Plaintiff*

9