**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| ERIC WALDENMAIER, on behalf of Himself and other similarly situated | : |
| | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :     Case Number: 3:23-cv-466 |
| | : |
| PAYMERANG, LLC, | : |
| | : |
| Defendant. | : |
| | : |

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS**

Defendant Paymerang, LLC ("Paymerang"), by counsel, states as follows as its Reply to the Plaintiff's Opposition to Defendant's Partial Motion to Dismiss:

**INTRODUCTION**

Defendant filed its Motion to Dismiss on the grounds that Plaintiff failed to sufficiently plead willfulness as it is an element of Plaintiff's claims that Defendant violated the FLSA and the VOWA. In response, Plaintiff inaccurately states that Defendant has conflated the standard for a motion to dismiss with the standard for a motion for summary judgment. Plaintiff has failed to provide any binding case law that supports his claim that he does not have to provide facts to support his claim for willfulness in order to withstand a Motion to Dismiss. Defendant is not asserting the affirmative defense that Plaintiff is time-barred from bringing this claim because a two-year statute of limitations applies, which would be a statute of limitations defense. Instead, Defendant's intended defense is simply that it did not act willfully. It just so happens that if

Plaintiff fails to plead and/or prove willfulness, he will be limited to looking back two years for unpaid overtime.

**ARGUMENT**

I.      **Plaintiff's Willful Allegation is an Element of His Claims for Violation of the FLSA and VOWA for which He Must Plead Sufficient Facts.**

First, Defendant does not conflate the standard for a Motion to Dismiss with that of a Motion for Summary Judgment. As a general matter, just because a certain defense is appropriate to be heard at the summary judgment stage, does not mean that it cannot be appropriate at the Motion to Dismiss stage. To "determine what the plaintiff must plausibly allege at the outset of a lawsuit," the Court will "usually ask what the plaintiff must prove in the trial at its end." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1014 (2020). The elements of a valid claim are the same regardless of what type of motion is brought. *Id*. ("[t]he essential elements of a claim remain constant through the life of a lawsuit. What a plaintiff must do to satisfy those elements may increase as a case progresses from complaint to trial, but the legal elements themselves do not change.").

The single Eastern District of Virginia case that Plaintiff cites to does not address the argument that Defendant is making. As has been discussed, ordinarily FLSA claims have a statute of limitations of two years, unless they are willful, in which case it is three years. *Hantz v. Prospect Mortg., LLC*, 11 F. Supp. 3d 612, 616 (E.D. Va. 2014). Unlike in the matter at hand, plaintiff's FLSA claim in *Collins* came under a theory of sex discrimination, not an overtime claim. *Collins v. Peopleshare, LLC*, No. 4:22CV55, 2023 WL 5504984, at *6 (E.D. Va. Mar. 2, 2023). Collins also "did not file her Complaint within the two-year statute of limitations for ordinary violations," from the time the alleged sex discrimination began. *Id*. at *11. Instead, she was using the willful violation allegation as a way to extend the statute of limitations in bringing the suit. *Id*. The

Defendant in *Collins* argued in its motion to dismiss that because Collins did not bring the case within the applicable two-year statute of limitations, and because she did not provide facts to support her allegation of willfulness, the claim was time-barred. The Court ruled that as the allegation of willful violation was not an element of the claim, but an anticipation of *a limitations defense*, she did not need to allege specific facts that defendant acted willfully. *Id*. It is not in anticipation of *any* defense, as Plaintiff seems to suggest in his opposition. If the Court in *Collins* wanted to extend the circumstances for pleading willfulness beyond statute of limitations affirmative defenses it could have, but did not. *Id*. The ruling in *Collins* should therefore be construed to be limited to statute of limitations circumstances only, and not extend to other valid defenses to a willfulness allegation.

Defendant contends that as plead in the Amended Complaint, willfulness is an element of Plaintiff's claim; it is certainly not a claim on its own. Paymerang's argument is not based on an anticipated statute of limitations defense, but instead the defense is simply that Paymerang did not act willfully. Paymerang's position is that Plaintiff is not entitled to look back three years because he did not provide facts to support that, even if proven true. Further, unlike in *Collins*, ruling on the willful allegation will not be dispositive of the case or any claims, which is why this motion is only a partial motion to dismiss.

As Plaintiff points out in his Opposition, the issue of willfulness is a fact intensive question, but it has objective legal standards to allow the Court to make a decision as to willfulness at the motion to dismiss stage. *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 320 (2d Cir. 2021) ("FLSA plaintiffs must plausibly allege willfulness to secure the benefit of the three-year exception at the pleadings stage"); *Crugher v. Prelesnik*, 761 F.3d 610, 617 (6th Cir. 2014) ("[a] plaintiff must do more than make the conclusory assertion that a defendant acted willfully") (internal quotations

omitted); see also Pl.'s Opp. To Def.'s Mot. to Dismiss 4. Therefore, plaintiff needs to plead facts that, if later proven true, would support his conclusory allegation for willfulness. Merely stating that the Defendant knew it misclassified "inside" salespeople as "outside" salespeople should not be considered enough. This is just a conclusory statement with no factual support for its truth, which is simply insufficient to support his claim for willfulness.

Moreover, Plaintiff has failed to provide any binding precedent that supports his argument that it does not have to provide specific facts to plead willfulness at the pleading stage. Plaintiff cites to *Aviles*, a Maryland District Court case, to argue that because Plaintiff alleges in its Amended Complaint that Defendant did not record all of Plaintiff's hours, that is a fact in support of the willfulness allegation. Pl.'s Opp. To Def.'s Mot. to Dismiss 5; *Aviles-Cervantes v. Outside Unlimited, Inc.*, 276 F. Supp. 3d 480, 491 (D. Md. 2017). However, the Eastern District of Virginia has already held that an employer failing to keep track of hours is insufficient to show willfulness or reckless disregard for the Acts. *See Hantz*, 11 F. Supp. 3d at 618 ("The fact that neither Defendant nor Plaintiff kept contemporaneous records of his work activities does nothing to suggest that [the employer] operated with an awareness or reckless disregard as to Plaintiff's professed non-exempt status." Thus, Plaintiff's argument on this point lacks merit.

Finally, Defendant's reference to COVID-19 is not "extraneous," as Plaintiff claims. Defendant's reference to COVID-19 has nothing to do with the amount of time Plaintiff spent working, but has to do with the work he was actually performing during that time, which would constitute outside sales had Plaintiff been doing his job properly and/or COVID-19 had not interrupted in-person meetings for at least some period of time. Defendant's purpose for bringing this up is that Plaintiff should not be allowed to use it as a fact in support of how Paymerang allegedly acted willfully given that the way people worked during the pandemic was fundamentally

different than the way people worked pre-pandemic and post-pandemic, which extended from on or around March 2020 to May 11, 2023, directly within the time period of Plaintiff's claims. Centers for Disease Control and Prevention, End of the Federal COVID-19 Public Health Emergency (PHE) Declaration (Sept. 12, 2023), https://www.cdc.gov/coronavirus/2019-ncov/your-health/end-of-phe.html.

As Plaintiff points out, the Fourth Circuit has not issued any opinions regarding willfulness at the pleading stage. Pl.'s Opp. To Def.'s Mot. to Dismiss 6. Plaintiff's "willful" allegations in the Amended Complaint are an element of his claims and are conclusory in nature. Plaintiff has failed to provide any controlling precedent that disputes Defendant's argument that Plaintiff must plead facts supporting a willfulness allegation in its Complaint.

## CONCLUSION

Plaintiff has failed to provide binding case law to oppose Defendant's Motion to Dismiss. Plaintiff's allegation of willfulness is as an element of Plaintiff's claim, and he is required to plead facts that support it, and has failed to do so. As such, Defendant respectfully requests that Plaintiff's allegation that Defendant acted in willful violation of the FLSA and the VOWA be dismissed, with prejudice.


Dated: 10/02/2023                                    Respectfully submitted,

                                                     **PAYMERANG, LLC**


                                                     */s/ Eric P. Burns*
                                                     Eric P. Burns, VSB# 76554
                                                     Hannah F. Supernor, VSB# 95020
                                                     NOVA Business Law Group, LLP
                                                     4151 Chain Bridge Road
                                                     Fairfax, Virginia 22030
                                                     (703) 766-8081

(703) 766-8085 (Facsimile)
eburns@novablg.com
hsupernor@novablg.com
*Counsel for Defendant*

# TABLE OF AUTHORITIES

## **Cases**

*Aviles-Cervantes v. Outside Unlimited, Inc.*, 276 F. Supp. 3d 480 (D. Md. 2017);
*Collins v. Peopleshare, LLC*, No. 4:22CV55, 2023 WL 5504984 (E.D. Va. Mar. 2, 2023);
*Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009 (2020);
*Crugher v. Prelesnik*, 761 F.3d 610 (6th Cir. 2014);
*Hantz v. Prospect Mortg., LLC*, 11 F. Supp. 3d 612 (E.D. Va. 2014); and
*Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315 (2d Cir. 2021).

## **Other**

Pl.'s Opp. To Def.'s Mot. to Dismiss; and
Centers for Disease Control and Prevention, End of the Federal COVID-19 Public Health
Emergency (PHE) Declaration (Sept. 12, 2023), https://www.cdc.gov/coronavirus/2019-
ncov/your-health/end-of-phe.html.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of October 2023, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of Court for the Eastern District of Virginia, Richmond Division, using the Court's CM/ECF system, which thereby caused the above to be electronically served on all registered users of the Court's CM/ECF system who have filed notices of appearances in this matter.

*/s/ Eric P. Burns*
Eric P. Burns