IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ERIC WALDENMAIER, on behalf of
Himself and other similarly situated

    Plaintiff,

v.

PAYMERANG, LLC,

    Defendant.

Civil Action No. 3:23-cv-466–HEH

## STIPULATED PROTECTIVE ORDER

Plaintiff Eric Waldenmaier, on behalf of himself and others similarly situated ("Waldenmaier" or "Plaintiff") and Defendant Paymerang, LLC ("Paymerang" or "Defendant) (collectively, "the Parties"), by and through their respective counsel, hereby respectfully request that the Court approve this Stipulated Protective Order regarding the confidential treatment of information produced in the discovery process. The Parties hereby stipulate and agree that they and their counsel shall follow the procedures set forth below with respect to Confidential Information that is disclosed through discovery in this litigation. The Parties stipulate and agree as follows:

1. When used in this Stipulated Protective Order ("Protective Order"), the words set forth below shall have the following meanings:

    (A) "Documents" includes, but is not limited to, all writings, electronic communications, drawings, graphs, charts, photographs, phono-records, and other data compilations from which information can be obtained, translated, if necessary, by the Party to whom the request is directed through detection devices into reasonably usable form, which have

been disclosed in discovery in this Litigation by any person or entity, whether pursuant to formal discovery requests or by agreement.

(B) "Discovery Materials" means all documents, deposition testimony and transcripts, deposition exhibits, responses to any discovery requests, including responses to interrogatories, document requests, subpoenas *duces tecum*, and requests for admission, inspections, examinations of premises, facilities and physical evidence, and any other information or material produced pursuant to the Federal Rules of Civil Procedure or an order of this Court, or otherwise given or exchanged by or among the Parties and third Parties to this action and includes all copies of such documents or other materials, in hard copy, electronic form, or any other form or format.

(C) "Disclose" or "Disclosure" means to produce, reveal, divulge, give, or make available Discovery Materials, or any part thereof, or any information contained therein.

(D) "Confidential" or "Confidential Information" or "Attorney's Eyes Only" is intended to be applied to Discovery Material that contains any personal information including, but not be limited to: (a) information related to any current or former employee of Defendant and/or any parent/subsidiary organization, including, medical information, individual employee names when connected to confidential information, and employment histories, applications, positions, promotions, demotions, transfers, performance evaluations and goals, salaries, salary increases, bonuses, discipline, counseling and personal information, not generally known outside of the employment setting by entities and individuals not generally familiar with Defendant's personnel matters and/or any personnel matters at any parent/subsidiary organization with knowledge of facts in the case; (b) Defendant's confidential financial or business information, not generally known outside of Defendant's or any parent/subsidiary organization, and including

standard operating procedures, strategies, plans, minutes, and records to the extent not public and treated or kept as confidential by Defendant; (c) Defendant's confidential or business information related to contracts; (d) confidential financial or business information of any Defendant parent/subsidiary organization; (e) protected health or medical information; and (f) other information that the designating Party in good faith believes requires the protections of this Protective Order.

   (E) "Producing Party" means the person or entity disclosing Discovery Materials, including persons and/or entities who are non-Parties to this Litigation.

   (F) "Non-Producing Party" means any Party other than the Producing Party.

   (G) "Litigation" means the above-referenced case currently pending before this Court.

   (H) "Party," as used alone and not pursuant to 1(E) or 1(F) above, means Plaintiff and Defendant.

   (I) "Signatory" means any Party, or any other person or entity who signs this Protective Order or Attachment A to this Protective Order, and their counsel.

   2. Discovery Materials shall be used solely for the purpose of this Litigation. Except by order of the Court, Discovery Materials shall not be used by any Party or non-Party, other than the Producing Party, for any other purpose, including, without limitation, for any business or commercial purpose.

   3. The designation of Confidential Information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY." In the case of a thing, the legend "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" shall be securely affixed in a prominent

location. Alternatively, a Party may designate material as Confidential Information by giving a similar written notice with reasonably specific designation. A Party may also subsequently, by written notice, designate as Confidential Information materials provided in initial disclosures or discovery responses provided prior to entry of this Protective Order. The new designation applies only as of the date of receipt of notice by each Party notified; and persons to whom such Confidential Information has been disclosed shall not be responsible for any disclosure to third Parties occurring before receipt of the aforementioned new designation. Except for documents produced for inspection at the Party's facilities, the designation of Confidential Information shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the Party's facilities, such documents may be produced for inspection before being marked "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY." With regard to marking documents with the appropriate confidentiality classification, each page of the document that contains confidential information shall be so marked in a prominent location. Copies, extracts, summaries, notes, and other derivatives of "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" Discovery Material shall also be deemed "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" and shall be subject to the provisions of this Protective Order. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the Party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

4. Other than as permitted by this Protective Order, no person may review, examine, or make copies of such documents or be given access to such information without the written

consent of the opposing or Producing Party, and no one properly in possession of such documents or information may reveal the contents of the same or exhibit any document or any portion of any document to anyone other than those permitted by this Protective Order. To obtain written consent for the disclosure of anything designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" to any person not specified herein, such Party must first present a written request to opposing counsel seeking the release of the document, material, or information from the terms of this Protective Order and thereafter, the Party receiving such request shall have ten (10) business days from receipt thereof to respond to said request. If the Parties do not reach an agreement, then the requesting Party may move the Court for relief from this Protective Order.

5. Any Party objecting to the designation of any particular Discovery Material as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" or believing that any such designation is not made in good faith (collectively referred to as "objections") shall attempt to resolve the matter by setting forth in writing to the other Party the objections and reason(s) for those objections. Any objections that counsel are unable to resolve within ten (10) business days of the receipt of the objection may be raised with the Court by the Party challenging confidentiality. Pending the determination by the Court, the Discovery Material shall retain its protected status. The burden shall remain on the Party seeking confidentiality to justify it.

6. Discovery Material designated "CONFIDENTIAL," copies thereof, and any confidential information contained therein shall be used solely for the purpose of conducting this Litigation in good faith (including in discovery, at trial and appeal) and not for any business, personal or other purpose whatsoever, and shall not be reviewed, revealed or disclosed to any person other than a Party except:

    (A) The Court and its personnel;

    (B)    Stenographers engaged in this Litigation;

    (C)    Counsel of record in this Litigation and personnel of counsels' respective law firms who have functional responsibility for preparation and trial of this Litigation, including paralegals, legal assistants, litigation support services, printers, and outside copy services utilized by each firm;

    (D)    Any witness or potential witness in this Litigation who is shown a Confidential Document outside of a deposition, provided that said witness executes a copy of the Declaration attached hereto as Exhibit A. At a deposition, either Party may declare the deposition Confidential in accordance with the procedures contained herein. No witness in this Litigation, who is shown a Confidential Document during a deposition, may take an original or a copy of any such document from the deposition;

    (E)    Independent consultants or non-Party experts retained by a Party or counsel to a Party to assist counsel in the preparation and trial of this Litigation. Any Party so retaining such a consultant or expert shall have such consultant or expert execute the Declaration attached to this Protective Order and shall provide a copy of same to opposing counsel within three (3) business days of execution;

    (F)    Corporate representatives, employees, officers and/or directors of Defendant involved in or with knowledge of facts relevant to this Litigation, but only on a strict need to know basis and after executing an Attachment A form Declaration; and

    (G)    As required by law, the Party of whom disclosure is required, shall give prompt written notice thereof to the producing Party.

7.    Material designated as "ATTORNEY'S EYES ONLY" may be disclosed only to the following:

    (A)    persons who appear on the face of the "ATTORNEY'S EYES ONLY" Discovery Material as author, addressee or recipient thereof; or persons, including witnesses, who have prior knowledge of the contents of the document or thing, participated in events described or contained in the document or thing (but only to the extent of their participation), or in whose files the document or thing was found;

    (B)    counsel for the Parties and their associates, legal assistants, or other support employees who have a demonstrable need for such disclosure in order to conduct this Litigation;

    (C)    any experts or consultants retained for the purposes of this Litigation;

6

   (D) The Court and its personnel; and

   (E) Stenographers engaged in this Litigation.

 8. No use shall be made of the Discovery Material, or portion thereof designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," any copies thereof, or the contents of such Discovery Material or copies, by persons authorized pursuant to this Protective Order, except for the purposes of this Litigation. The Parties agree that the Discovery Material is not permitted to be produced or used in any matter except for this Litigation. Notwithstanding anything to the contrary hereinabove, nothing in this Protective Order shall restrict a Party's or third party's ability to use or disclose its own documents or proprietary information.

 9. Confidential information disclosed at deposition may be designated by any Party as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" by indicating on the record at the deposition that the testimony is "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" and is subject to the provisions of this Protective Order. A Party may also designate confidential information disclosed at such deposition as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" by notifying the opposing Party in writing within fifteen (15) business days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" thereafter. Until the expiration of the fifteen (15) business day period, the Parties agree to treat the transcripts as Confidential and subject to the restrictions in paragraph 6 of this Protective Order. Each Party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody, or control. Third Parties may invoke the protections of this Protective Order by designating transcripts under this paragraph.

 10. Counsel for the Parties shall keep all documents designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" which are received under this Protective Order, secure within

their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

11. The restrictions and obligations regarding Discovery Material designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" shall apply only to documents and information produced in this Litigation. In addition, the restrictions and obligations regarding Discovery Material designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" shall not apply to Discovery Material that is already public knowledge at the time of production or that becomes public knowledge subsequent to production unless it becomes public knowledge because of a violation of this Protective Order.

12. Whenever materials subject to this Protective Order (or any pleading, motion or memorandum referring to them) are proposed to be filed with the Court or introduced into the record, the Party making such filing or introduction agrees to meet and confer in good faith with the other Party sufficiently in advance of filing or introduction to allow the other Party the opportunity to file a motion to seal the materials at issue or seek other relief from the Court. In the event the other Party intends to file a motion to seal or seek relief, the Party making such filing shall forebear from making public the materials in dispute until a ruling from the Court. Recognizing the Court's disfavor for sealed filings, the Parties agree to 1) attempt to ensure the use of a "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" designation is limited only to circumstances where it is unambiguously appropriate and 2) agree to collaboratively use redactions in filings whenever possible so as to avoid the filing of motions to seal.

13. **Privilege or Protection Not Waived by Disclosure (FRE 502(d)).** The production of confidential, privileged or work-product protected documents, electronically stored information or information, including witness testimony, whether inadvertent or otherwise, is not

a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Confidential, privileged or work-product protected documents or information, including copies thereof, may be so designated subsequent to production should either party fail to make such designation at the time of production, either inadvertently or otherwise. If discovery material is designated as privileged subsequent to production, the parties shall promptly make all reasonable and good faith efforts to collect any copies. If discovery material that is privileged or subject to the work-product doctrine is identified subsequent to production, the party receiving such material shall promptly return the material or certify that it has been destroyed. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

14. Nothing in this Protective Order shall diminish the existing rights and responsibilities of the Parties and other persons involved in this Litigation with respect to the protection of Confidential Information, as defined herein or otherwise. Nothing in this Protective Order shall be construed to preclude the Parties or third parties from waiving, in writing or on the record, provisions set forth herein in specific instances to expedite this Litigation. Nothing in this Protective Order shall be construed to preclude the Parties or third Parties from seeking and obtaining additional protection from the Court with respect to the treatment of documents or other material covered by this Protective Order.

15. Upon the final determination of this Litigation or dismissal in connection with an executed settlement agreement, all originals, copies, and derivatives of Discovery Material shall be returned to counsel for the Party that produced the document or other material or certified in

writing that they have been destroyed within thirty (30) business days. Notwithstanding anything to the contrary hereinabove, this Protective Order will not require a Party to return any documents that originated from that Party.

16. Upon the final determination of this Litigation or dismissal in connection with an executed settlement agreement, attorneys for the Parties and third parties shall permit the Court to return to counsel or destroy any Confidential material that is submitted to the Court.

17. This Protective Order shall be without prejudice to the right of any Party to bring to the Court at any time the question of whether any particular document or information is "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" or whether its use should be restricted.

18. The designation of documents or information as "CONFIDENTIAL" "ATTORNEY'S EYES ONLY" under this Protective Order, or failure to do so, shall not serve as the basis for and shall not impact in any way any assertion by the Producing Party that such documents or information are in fact confidential or proprietary to the Producing Party and/or trade secrets of the Producing Party under applicable law.

19. This Protective Order and the obligation to maintain confidentiality shall survive the termination of this Litigation and shall continue in full force and effect.

20. This Protective Order and any application of it may be modified by the Court for good cause at any time.

It is so ORDERED.

/s/
_____
Henry E. Hudson
Senior United States District Judge

Date: February 14, 2024
Richmond, Virginia

AGREED TO FORM AND CONTENT:

/s/ *Eric P. Burns*  
Eric P. Burns, VSB# 76554  
Alyssa B. Testo, VSB# 97254  
JACKSON LEWIS P.C.  
10701 Parkridge Blvd., Suite 300  
Reston, Virginia 20191  
(703) 483-8300  
(703) 483-8301 (Facsimile)  
Eric.Burns@jacksonlewis.com  
Alyssa.Testo@jacksonlewis.com  
*Counsel for Defendant*

Date: February 13, 2024

/s/ *Zev H. Antell*  
Craig Juraj Curwood, Esq.  
Zev H. Antell, Esq.  
Samantha R. Galina, Esq.  
Butler Curwood, PLC  
140 Virginia Street, Suite 302  
Richmond, Virginia 23219  
Telephone: 804-648-4848  
Fax: 804-237-0413  
Email: craig@butlercurwood.com  
       zev@butlercurwood.com  
       samantha@butlercurwood.com  
*Counsel for Plaintiff*

Date: February 13, 2024